FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 31, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TALINA P., <br><br> Plaintiff, <br><br> -vs- <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security <br><br> Defendant. | No.  1:23-CV-3009-WFN <br><br> ORDER |

Talina P. [Plaintiff] brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for disability benefits. ECF No. 1. Attorney Christopher Dellert represents Plaintiff. Special Assistant United States Attorney Katherine Watson represents the Commissioner [Defendant]. After reviewing the administrative record and the briefs filed by the parties, the Court **AFFIRMS** the Commissioner's final decision.

### JURISDICTION

Plaintiff applied for Supplemental Security Income on May 20, 2019, alleging disability beginning on June 14, 2018. Tr. 20, 240–50. Plaintiff later amended her alleged onset date to May 15, 2019. Tr. 20. The application was denied initially, Tr. 99–106, and on reconsideration, Tr. 108–117. Administrative Law Judge [ALJ] Stewart Stallings held a hearing on May 24, 2021, Tr. 42–69, and issued an unfavorable decision on June 15, 2021, Tr. 20–29. The Appeals Council denied review on October 3, 2022. Tr. 6–11. The ALJ's June 2021 decision became the Commissioner's final decision, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on January 25, 2023. ECF No. 1.

ORDER - 1

## FACTS

Plaintiff was born in 1994 and was 25 years of age as of her alleged onset date. Tr. 27, 240–41. She did not complete high school, Tr. 27, 49, and has very minimal work history, Tr. 27, 1237. Plaintiff alleges disability based on posttraumatic stress disorder [PTSD] and depression. Tr. 241.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's legal conclusions *de novo* but gives deference to a reasonable interpretation of a statute the agency is charged with administering. *See McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The ALJ's decision will be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097–98 (9th Cir. 1999). Substantial evidence is more than a scintilla, but less than a preponderance. *Id*. at 1098. Put another way, "'[i]t means such relevant evidence as a reasonable mind might assess as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for the ALJ's. *Tackett*, 180 F.3d at 1097–98; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's decision is conclusive if it is supported by substantial evidence, even if conflicting evidence supports a finding of either disability or non-disability. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987). But a decision supported by substantial evidence will still be set aside if it is based on legal error. *Brawner v. Sec'y of Health & Hum. Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). In steps one through four the claimant bears the

burden of establishing disability. *Tackett*, 180 F.3d at 1098–99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193–94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, she will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On June 15, 2021, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 20–29.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 22.

At step two, the ALJ determined Plaintiff had the following severe impairments: "anxiety, depression, post-traumatic stress disorder (PTSD), and degenerative spine disease." *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 23–24.

The ALJ assessed Plaintiff's Residual Functional Capacity [RFC] and found she can perform light work

> Except, she can lift/carry 20 pounds occasionally and 10 pounds frequently. She can frequently climb ladders, ropes, scaffolds, ramps and stairs. She can occasionally stoop; frequently kneel, crouch, and crawl; frequently handle, finger, and reach in all directions. She should avoid concentrated exposure to wetness, humidity, and pulmonary irritants. She should avoid excessive vibration. She is limited to simple, routine, and repetitive tasks (reasoning level

ORDER - 3

1 or 2). She is limited to low stress work without production pace in a predictable work environment and up to occasional simple workplace changes. She would need a job where interacting with the public is not a job requirement; she requires brief and superficial interaction with coworkers without team or tandem work; and occasional interaction with supervisors.

Tr. 24–25.

At step four, the ALJ found Plaintiff has no past relevant work. Tr. 27.

At step five, the ALJ found, based on the vocational expert's testimony, and considering Plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 28. The ALJ specifically identified the representative occupations of routing clerk, marker, and office helper. *Id.*.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date. *Id.*

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether the decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) failing to further develop the record, and (2) improperly rejecting Plaintiff's claims of disabling mental health symptoms without reasons that were specific, clear, and convincing.

## DISCUSSION

**(1) The ALJ's Duty to Supplement the Record**

Plaintiff argues the ALJ erred by rendering a decision without further developing the medical record. ECF No. 9 at 4–6.

"In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). However, it is still generally the claimant's duty to provide proof that she is disabled. *See* 20 C.F.R. §

ORDER - 4

416.912 ("In general, you have to prove to us that you are blind or disabled."). "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes*, 276 F.3d at 459–60. Refusal to appear for a consultative examination or test is an appropriate ground for denying a claim, and the claimant must prove good cause for doing so. 20 C.F.R. § 416.918.

Here, Plaintiff failed to appear for a consultative examination with Dominika Breedlove, Psy.D., on August 24, 2019. Tr. 341, 807–09. The state agency sent Plaintiff a letter in September 2019 asking why the appointment was missed. Tr. 341. The agency wrote again in January 2020 asking Plaintiff for her availability to complete the consultative exam. Tr. 354. Plaintiff's representative then left the agency a voicemail stating that Plaintiff would not attend any consultative exams. Tr. 357. Plaintiff has not attempted to show good cause for her refusal to participate in consultative examinations.

Plaintiff now argues the medical record is inadequate and that the ALJ erred by failing to develop it further. ECF No. 9 at 4–6. Defendant responds that Plaintiff cannot claim the record is inadequate when she failed to cooperate in developing it and that the ALJ was entitled to deny the claim for this reason alone. ECF No. 14 at 4–6. Plaintiff did not file a reply or otherwise respond to Defendant's argument. The Court agrees with Defendant and also finds Plaintiff's failure to reply is a concession that Defendant's position is correct. *Cf. Piz v. Astrue*, No. CV 08-0076 RNB, 2008 WL 4567126, at *1 (C.D. Cal. Oct. 10, 2008).

Besides, Plaintiff has not shown that the record was actually inadequate. Although the state agency consultants had very few mental health records, Plaintiff's counsel acknowledged by the time of the ALJ hearing that there was "a significant amount of additional information and evidence." Tr. 52. Those records included therapy records, a psychological and parenting capacity evaluation, and records from the primary care provider who managed Plaintiff's medication. Tr. 1124–56, 1266–68, 1281–91, 1732–1814. At the hearing before the ALJ, Plaintiff's counsel affirmed, "I believe the record is complete." Tr. 47–48. Plaintiff's counsel never suggested the ALJ needed to obtain additional information.

ORDER - 5

Because the record was adequate to render a decision and nothing in it was ambiguous, the ALJ did not err. *See Mayes*, 276 F.3d at 459–60; *see also Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) ("[W]hen plaintiffs are represented by counsel[] they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal.").

**(2) Plaintiff's Subjective Symptom Testimony**

Plaintiff also argues the ALJ erred by rejecting her subjective symptom testimony. ECF No. 9 at 6–19.

It is the province of the ALJ to make determinations regarding a claimant's subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *see also Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Plaintiff testified that she has breakdowns at least twice a week. Tr. 25, 53–54. They can occur without trigger and last all day, and she had one while working she would have to go home. *Id.* Plaintiff also said that she has anger and frustration issues, procrastinates, panics when her schedule changes, cries excessively, stares off into space, and sleeps too much. Tr. 25, 57–58.

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, he found Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 26–27.

ORDER - 6

The ALJ found Plaintiff's claim that she could not work because of her mental health disorders was inconsistent with the objective medical evidence. Tr. 26. Treatment notes showed mostly normal behavior and mental state, Tr. 26, 593, 600, 645-47, 787, 795, 1191, 1238, 1254, 1665, and providers noted that her issues were caused by situational stressors, Tr. 26, 850. Similarly, the ALJ found Plaintiff had improved with medication and sought treatment for secondary reasons rather than for her mental health Tr. 26–27, 644, 910, 922, 1190, 1286. These are legitimate reasons for discounting Plaintiff's symptom claims. *See Smartt v. Kijakazi*, 53 F.4th 489, 498–500 (9th Cir. 2022). And although the ALJ did not credit the full extent of Plaintiff's claimed limitations, he still included significant social limitations in the RFC allowing only for a range of unskilled, low stress, predictable work with little to no social interaction. *See* Tr. 24–25.

Plaintiff argues the ALJ erred in several specific respects.

First, Plaintiff argues the ALJ was incorrect that Plaintiff's symptoms improved with medication. ECF No. 9 at 10–12. However, the treatment notes state repeatedly that Plaintiff's medications were effective in controlling her symptoms. *See* Tr. 26, 910, 922, 1190, 1286. Because the ALJ's finding is reasonable and supported by evidence in the record, the Court will not disturb it. *See Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005).

Second, Plaintiff argues many of the normal findings the ALJ observed are not actually inconsistent with Plaintiff's claimed symptoms. ECF No. 9 at 12–13. Plaintiff essentially asks to reweigh the evidence. The ALJ thoroughly discussed Plaintiff's claimed symptoms and the evidence supporting them. *See* Tr. 25–26. The ALJ also noted specific evidence that was inconsistent with Plaintiff's claims. *See* Tr. 26, 593, 600, 645–47, 787, 795, 1191, 1238, 1254, 1665. It was reasonable for the ALJ to conclude that the treatment notes were inconsistent with the extent of debilitation Plaintiff claimed. *See Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) ("[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is

ORDER - 7

substantial evidence to support the Commissioner's actual finding that claimant is not disabled.").

Third, Plaintiff argues the record does not support the ALJ's finding that Plaintiff's claimed symptoms were caused more by situational stressors than mental impairments. ECF No. 9 at 13–15. But the record is full of observations from care providers that situational factors were causing her subjective complaints. 850, 1211, 1253, 1286, 1609.

Fourth, Plaintiff argues the record does not support the ALJ's finding that Plaintiff engaged in treatment for secondary reasons rather than because her mental symptoms are as severe as claimed. ECF No. 9 at 15–17. In view of Plaintiff's statement that she was only attending treatment to be eligible for government assistance, Tr. 644, the ALJ did not err, *see Jamerson*, 112 F.3d at 1067.

Fifth, Plaintiff argues the ALJ did not cite evidence to support his finding that Plaintiff made inconsistent statements about her methamphetamine use. ECF No. 9 at 18–19. This is incorrect. The ALJ did not find that Plaintiff made inconsistent statements about her meth use. The ALJ wrote: "October 2018 provider notes indicated she tested positive for [m]ethamphetamines, and she gave inconsistent statements regarding her past marijuana use." Tr. 27 (citing Tr. 631, 1239). The ALJ cited to treatment notes that showed Plaintiff tested positive for meth and provided an implausible explanation for her positive test. Tr. 27, 631. The ALJ also cited Dr. Catherine MacLennan's observation that Plaintiff gave inconsistent statements about her marijuana use. Tr. 27, 1239. These were appropriate reasons to reject the claimed extent of Plaintiff's impairments. *See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).

The ALJ's decision will be affirmed because the ALJ did not err in rejecting Plaintiff's claimed symptoms. Notably, Plaintiff did not file a reply or otherwise respond to Defendant's argument that the ALJ gave specific, clear, and convincing reasons for rejecting Plaintiff's claimed symptoms. The Court finds this is a concession that Defendant's argument is correct.

ORDER - 8

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of reversible error. The Court has reviewed the briefs and the file and is fully informed Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Brief, filed April 21, 2023, **ECF No. 9**, is **DENIED**.

2. Defendant's Brief, filed June 28, 2023, **ECF No. 14**, is **GRANTED**.

The District Court Executive is directed to file this Order and provide copies to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**DATED** this 31st day of October, 2023.

10-24-23

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 9